UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHARLES WATSON,

        Petitioner,

      v.                                    20-CV-517
                                              DECISION & ORDER

JEFFREY SEARLS, in his official capacity
as Administrator, Buffalo Federal
Detention Facility, et al.,

        Respondents.

_____

        The petitioner, Charles Watson, is a civil immigration detainee currently held under 8 U.S.C. § 1231 at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York. Watson seeks habeas corpus relief, including an injunction releasing him. *See* Docket Item 1. He claims that his continued detention during the COVID-19 pandemic violates his right to Due Process under the Fifth Amendment. *Id.* at 22-23. More specifically, Watson—who claims that he "suffers from diabetes, obesity, and hypertension"—has been diagnosed with COVID-19, and he argues that the respondents are "unable to protect [him] from near certain death or debilitating complications in a jail environment." *Id.* at 2-3.

        On May 5, 2020, the respondents responded to Watson's petition. Docket Item 5. They stated that because Watson had "refus[ed] medical assessments," they had not been able to determine whether he was at high risk for complications from COVID-19 under the guidelines issued by the Centers for Disease Control ("CDC"). Docket Item 7 at 8 & n.1; *see also Ramsundar v. Wolf*, 2020 WL 1809680, at *3 (W.D.N.Y. Apr. 9,

2020) (finding Due Process violations "stem[ming] from [the respondents'] failing to take the steps recommended by public health officials to protect high-risk individuals [under the CDC's guidelines] from contracting COVID-19"); *Jones v. Wolf*, 2020 WL 1643857, at *3 (W.D.N.Y. Apr. 2, 2020) (same).  Nevertheless, and even assuming that Watson was in the high-risk category, the respondents claimed that they had not been deliberately indifferent to his serious medical needs.  According to the respondents, because Watson had already contracted COVID-19, the analysis of his claim should center around whether he had received adequate medical care.  Docket Item 7 at 9.  And, they claimed, they "have provided exceptional care" to Watson, whose "condition has been stable and [who] has not presented COVID-19 symptoms."  *Id.* at 19-10.

On May 6, 2020, Watson replied, arguing that the government had "failed to protect [him], an at-risk individual, provided inadequate medical treatment once diagnosed, and now fail to cure the constitutional violation."  *Id.* at 5.  This Court held oral argument on May 7, 2020, and ordered supplemental briefing.  *See* Docket Item 9.

On May 14, 2020, the respondents submitted their brief stating that they had now determined that Watson is, in fact, at high risk under the CDC's guidelines; accordingly, and consistent with this Court's prior orders in *Jones* and *Ramsundar, supra,* the respondents had moved him to a single cell.  Docket Item 10.  For his part, Watson filed a letter contending that the government had violated his Due Process rights by failing to identify him as a high-risk individual in the first place and therefore failing to take appropriate measures to protect him from contracting COVID-19.  Docket Item 11.  He further argues that the respondents "simply are not capable of ensuring that [his] medical needs are met" and, therefore, that he should be released.  *Id.* at 2.

For the reasons that follow, the Court dismisses Watson's petition.

## **DISCUSSION**

As an initial matter, to the extent that Watson argues that the respondents are not complying with this Court's orders in *Jones* and *Ramsundar*, the Court recently found that the respondents have not violated those orders.  *See* No. 20-cv-361, Docket Item 109.  Moreover, the Court modified its preliminary injunction in those matters to include requirements that the respondents "advis[e] detainees about the importance of, and provid[e] guidance with respect to, wearing masks and maintaining six feet of distance to protect others from asymptomatic transmission" and "conduct biweekly COVID-19 testing of all consenting detainees housed in the vulnerable detainees' units." *Id.* at 7-8.  These new protections will apply to Watson.

With regard to Watson's claim that the government violated his Due Process rights by failing to identify him as high risk and protect him from contracting COVID-19, there is no relief that this Court can grant on his habeas petition to remedy such a violation.  More specifically, Watson's petition seeks his release.  But releasing him now would not remedy any *prior* Due Process violation that already resulted in his contracting the disease.  Moreover, the respondents have done what they can to remedy that alleged violation by acknowledging now that Watson is high risk and treating him accordingly.

Finally, although Watson alleges that the respondents are providing him with inadequate medical care, the record does not support that allegation.  Indeed, Watson does not allege that he has exhibited any COVID-19 symptoms.  Instead, his allegations regarding inadequate medical care seem to stem from the respondents' alleged failure

to test him sooner, *see* Docket Item 8 at 8-9, which, as explained above, would not be remedied by releasing him.

## **ORDER**

For all those reasons, Watson's petition, Docket Item 1, is DISMISSED.

SO ORDERED.

Dated:   May 21, 2020
         Buffalo, New York

 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE
